UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MONTE GIBSON,                )
                             )
            Plaintiff,       )
    vs.                      )    1:10-cv-178-WTL-DML
                             )
MICHAEL McKENNA, et al.,     )
                             )
            Defendants.      )

**Entry and Order Directing Dismissal of Action**

Plaintiff Gibson alleges that the defendants–a police officer, prosecutor, defense attorney, and magistrate--have conspired to violate his constitutional rights by arresting, detaining, and charging him with drug offenses under Indiana law. He seeks a declaratory judgment that the defendants' conduct violates his First Amendment rights and the right of Black males to equal protection and to due process under the Fourteenth Amendment.

**I.**

Gibson's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

**A.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Because Gibson is a "prisoner" as defined by 28 U.S.C. § 1915(h), his complaint is subject to this screening process.

**B.**

Pursuant to § 1915A, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,*

127 S. Ct. 910, 921 (2007). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). That is the situation here, shown by consideration of the following factors:

> !   Gibson is the defendant in an ongoing criminal prosecution in an Indiana state court. The state criminal prosecution was commenced before the filing of the present action.
>
> !   "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris,* 401 U.S. 37, 45 (1971).
>
> !   "The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden,* 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 436-37 (1982), and *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998)).
>
> !   In a companion case to *Younger,* the Supreme Court held that "the propriety of declaratory and injunctive relief should be judged by essentially the same standards. In both situations deeply rooted and long-settled principles of equity have narrowly restricted the scope for federal intervention, and ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid. *Samuels v. Mackell,* 401 U.S. 66, 73 (1970)("[W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.").
>
> !   "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma,* 401 U.S. 82, 85 (1971).
>
> !   There are no allegations of bad faith and no extraordinary circumstances suggested by those allegations.

Although Gibson doubtless intends that his voice be heard regarding his allegations, the state courts of Indiana provide the forum in which this can occur. *Penzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)("[W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that the state procedures will afford an adequate remedy.").

### III.

For the reasons explained in Part II.B. of this Entry, Gibson's complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment dismissing the action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 02/18/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana